### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **D&Z AUCTION RESELLERS, LLC, ET AL.**, <br>  Plaintiffs, <br><br> v. <br><br> **FARMACIA YARIMAR, INC.**, <br>  Defendant. | **CIV. NO**. 20-1249 (MDM) |

## **MEMORANDUM ORDER**

On October 1, 2021, defendant/cross-plaintiff Farmacia Yarimar, Inc., ("Farmacia Yarimar") filed a Motion for sanctions, including the dismissal of the complaint, due to the plaintiff's repetitive and unjustified noncompliance with the discovery deadlines and obligations. (Docket No. 47). First, Farmacia Yarimar seeks the imposition of sanctions against the plaintiffs, D&Z Auction Resellers, LLC and Gustavo A. Moreno-Ponce, ("plaintiffs") for their repeated failure to provide their answers to the first set of interrogatories and request for production of documents within the Court established deadline. Second, Farmacia Yarimar observes that plaintiff Gustavo Moreno's deposition was scheduled with plaintiffs' counsel for Friday, September 24, 2021, but the plaintiff and his attorney failed to appear and did not excuse their nonappearance. Farmacia Yarimar further maintains that despite its repeated and good faith efforts to further the discovery process and comply with the Court imposed deadlines, "it has been met with radio silence from the plaintiffs" and sanctions are thus warranted. *Id*.

In the Motion for sanctions, Farmacia Yarimar asked the Court to impose severe sanctions against the plaintiffs and dismiss the case pursuant to Fed. R. Civ. P. 37 because of the plaintiffs' pattern of severe noncompliance with Court Orders and discovery deadlines, which significantly affects its ability to defend against the claims asserted in the preset complaint. On October 4, 2021, the Court Ordered the plaintiffs to show cause as to why it should not grant

Farmacia Yarimar's Motion for sanctions. Then, on October 11, 2021, as ordered by the Court, plaintiffs filed a "Motion showing cause and opposition to motion for sanctions and to dismiss." (Docket No. 49). Having reviewed the arguments presented by both parties, the Court hereby **GRANTS in part and DENIES in part** the Motion for sanctions.

At the outset, the Court notes that, in this case, it expended many hours through the course of several months assisting the parties in trying to reach a meeting of the minds as to settlement. After the parties had practically agreed to settle this matter, for reasons never understood by the Court, the settlement fell through and the Court finally declared an impasse on July 27, 2021. As a result, the Court issued an amended discovery schedule.

Given the fact that certain discovery deadlines had passed while the parties had been engaging in settlement efforts and arguing over the reconsideration of amended discovery deadlines, the Court finally decided to amend the discovery deadlines **one final time**. (Docket No. 43). So, on August 17, 2021, the Court established **FINAL** discovery deadlines. Pertinent here, the deadline to exchange answers to written discovery was set for September 20, 2021. In its Order, the Court made clear to the parties that it will hold them to the new discovery deadlines and declared that even though it had been lenient so far, such leniency will not continue. *Id*.

Clearly, plaintiffs did not heed the Court's warning. September 20, 2021 came and went, and the plaintiffs did not provide their answers to interrogatories and other written discovery, in clear contravention of the Court's orders. Shockingly, in plaintiffs' show cause motion, counsel did not even attempt to excuse his failure to comply with the Court's deadlines nor attempt to explain to the Court why it had not provided its past-due answers. Moreover, in plaintiffs' motion to show cause as to why sanctions should not be imposed against them for their repeated discovery violations and disobedience of the Court's orders, counsel did not bother himself with uttering an apologetic word or a reasonable justification for willfully disregarding the Court's appointed deadlines and directives. It shocks the Court's conscience that, even when faced with sanctions, plaintiffs' counsel unapologetically and nonchalantly posits that he will serve the belated answers to written discovery by Wednesday,

Case 3:20-cv-01249-MDM   Document 51   Filed 10/14/21   Page 3 of 4

*D&Z AUCTION RESELLERS, LLC, ET AL., v. FARMACIA YARIMAR, INC.*, Civ. No. 20-1249 (MDM)                    PAGE 3
_____

October 13, 2021. That is unacceptable. The Court will not reward plaintiff's continued laxity and clear disregard for its orders.

The Court had cautioned the parties, on more than one occasion, that failure to abide by the discovery deadlines, without prior leave of the Court, will carry the imposition of monetary sanctions against the offending party. (Docket No. 43). Counsel's conduct is inexcusable, and his complete lack of accountability will not be met with impunity. The Court therefore finds that the conduct of plaintiffs' counsel warrants punitive monetary sanctions under Fed. R. Civ. P. 37. *See Media Duplication Services v. HDG Software,* 928 F.2d 1228, 1242 (1st Cir. 1991) (where the First Circuit stated that it "ha[s] no hesitation in endorsing the use of punitive monetary sanctions as a means of deterring neglect of th[e] obligation[s counsel owe to the court]."

Accordingly, counsel for the plaintiffs is hereby **ORDERED** to pay a punitive monetary sanction in the amount of $500, payable to the Clerk of Court, for his disobedience of Court orders and inexcusable violations of Court-imposed discovery deadlines. The sanctions shall be paid by Wednesday, October 20, 2021. When the payment is made, counsel shall inform the Court via motion. Plaintiffs and their counsel are further **ORDERED** to issue the answers to the pending written discovery by COB October 15, 2021 or further sanctions will follow.

As for plaintiffs and their counsel's failure to appear for the scheduled deposition, at least on this matter, counsel acknowledges his fault. He also attempts to excuse his misconduct by claiming that it was the result of miscommunication. More specifically, counsel avers that it stemmed from a "misreading in good faith" of an email sent by the defendant's counsel confirming the deposition but that he honestly believed that the deposition would be postponed because he had not exchanged his answers to written discovery. In the spirit of allowing the plaintiffs one last chance, no sanctions will be imposed at this time on this matter. The parties are **ORDERED** to convene in good faith to agree on a new deposition date for the plaintiff forthwith. Counsel for the plaintiffs and their clients shall make their finest efforts to become available for the deposition in the month of October and in the dates available to the defendant. The parties are once again reminded that the deadline to conclude all depositions is November 15, 2021, and the deadline to

Case 3:20-cv-01249-MDM   Document 51   Filed 10/14/21   Page 4 of 4

D&Z AUCTION RESELLERS, LLC, ET AL., V. FARMACIA YARIMAR, INC., Civ. No. 20-1249 (MDM)                    PAGE 4
_____

conclude **ALL DISCOVERY** is November 30, 2021. Again, these deadlines are **FINAL and FIRM.**

On a last note, the Court strongly urges the parties to comply with Local Rule 26(b) and meet and confer in good faith to resolve any ensuing discovery dispute without seeking intervention from the Court for judicial economy. The parties are further advised to review the First Circuit Opinion in the case of *Aglaed Gonazlez-Rivera v. Centro Medico del Turabo, Inc.*, Ct. of App. No. 18-1991, dealing with the sanctity of discovery deadlines and the Court's broad discretion in imposing sanctions for discovery violations.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of October 2021.

_____
MARSHAL D. MORGAN
United States Magistrate Judge